IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRENDA WARD § | | |
| (BOP Register No. 49221-177), § | | |
| § | | |
| Movant, § | | |
| § | | |
| V. § | No. 3:16-cv-3128-D-BN | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM OPINION AND ORDER DENYING CONSTRUED
MOTION FOR RELEASE ON BAIL**

This 28 U.S.C. § 2255 action has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater.

The deadline for the United States to respond to Movant Brenda Ward's Section 2255 motion is January 13, 2017. *See* Dkt. No. 3. Although a response has not yet been filed, Ward has filed a Motion for Release Pending Appeal of Detention Order [Dkt. No. 5], which is properly construed as a motion for release on bail pending the Court's decision on her Section 2255 motion. For the reasons explained below, the motion is DENIED.

> Release on bail should be granted to a prisoner pending post-conviction habeas review "only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974). Examples of "extraordinary circumstances" include the serious deterioration of the

> petitioner's health while incarcerated, short sentences for relatively minor crimes so near completion that extraordinary action is essential to make collateral review truly effective, and extraordinary delay in processing a habeas petition. *See id.* at 702 n.1.

*United States v. Roberts*, 250 F.3d 744, 2001 WL 274751, at *1 (5th Cir. Feb. 22, 2001) (per curiam).

The United States Court of Appeals for the Fifth Circuit has held that both a substantial constitutional claim with a high probability of success and an extraordinary or exceptional circumstance must be present before a Court may grant a request for release on bail pending its decision on a collateral attack of a sentence. *See United States v. Bishop*, 519 F. App'x 216, 218 (5th Cir. 2012) (per curiam) ("Bishop cannot demonstrate that she has a high probability of success on her constitutional claim. We cannot assess the probability of success of her claim of ineffective assistance of counsel until the district court holds an evidentiary hearing on remand. Accordingly, we need not determine whether her deteriorating health constitutes an exceptional circumstance."); *see also United States v. Vogel*, 595 F. App'x 416, 417 (5th Cir. 2015) (per curiam) ("Regardless of the merits of Vogel's § 2255 claims, upon which the district court has not yet ruled, Vogel has failed to show the existence of any 'extraordinary or exceptional circumstances' necessitating his release to make the post-conviction remedy effective. (citation omitted)); *United States v. Pratt*, 304 F. App'x 299, 299 (5th Cir. 2008) (per curiam) (same).

Therefore, while the Court has not yet addressed the merits of Ward's claims, it need not do so to find that her current motion should be denied because she "has

failed to show the existence of any 'extraordinary or exceptional circumstances' necessitating [her] release on bond to make the post-conviction remedy effective." *Roberts*, 2001 WL 274751, at *1.

    SO ORDERED.

    DATED: December 29, 2016

    _____
    DAVID L. HORAN
    UNITED STATES MAGISTRATE JUDGE