IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRENDA WARD § | |
| (BOP Register No. 49221-177), § | |
| § | |
| Movant, § | |
| § | |
| V. § | No. 3:16-cv-3128-D-BN |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Brenda Ward, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *See* Dkt. No. 2. This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. Although Ward's initial motion raised 32 points of error, Ward concedes – in her reply brief – that she is not entitled to relief on 30 of them. But she maintains that the Court erred in calculating her sentence under the advisory Sentencing Guidelines and that her counsel was ineffective for failing to challenge those calculations. *See* Dkt. No. 8. Because her first claim is not cognizable here, and her second claim lacks merit, the undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should deny the Section 2255 motion with prejudice.

**Applicable Background**

Ward pleaded guilty to health care fraud. *See United States v. Ward*, No. 3:15-cr-67-D (01) (N.D. Tex.), Dkt. No. 29. A Presentence Report ("PSR") was prepared and later amended through an addendum. *See United States v. Ward*, No. 3:15-cr-67-D (01) (N.D. Tex.), Dkt. Nos. 20 & 26. The PSR proposed a total offense level of 25 under the United States Sentencing Guidelines ("U.S.S.G."); that calculation factored in a 16-level increase because Ward's intended loss – $1,639,926.90 – was more than $1,000,000 but less than $3,500,000, and a 2-level increase because her offense involved more than 10 victims – Medicaid plus the 572 individuals whose means of identification she used unlawfully. *See United States v. Ward*, No. 3:15-cr-67-D (01) (N.D. Tex.), Dkt. No. 26. The Court adopted the PSR and sentenced Ward to 57 months in prison and two years of supervised release. *See United States v. Ward*, No. 3:15-cr-67-D (01) (N.D. Tex.), Dkt. Nos. 29 & 30.

After an unsuccessful direct appeal, *see United States v. Ward*, No. 16-10126 (5th Cir. Mar. 8, 2016), Ward timely filed this Section 2255 motion, *see* Dkt. No. 2. She used the Court's standard Section 2255 form and incorporated an attached list of 32 "grounds." *See generally id.* But those "grounds" were not claims for relief. Instead, many contained one-sentence statements of law or fact. *See, e.g.*, Dkt. No. 2 at 12 ("The substantive reasonableness which occurred in this particular case[] is reviewed by the court of appeals under an abuse-of-discretion [standard]."); *see also id.* at 8 ("Given the defendant's lack of criminal history, there were other means of accountability for the defendant to meet, rather than incarceration.").

The government responded that Ward's claims should be summarily dismissed as vague and conclusory. *See* Dkt. No. 7 at 7-8 ("Relaxed standards are still standards, and Ward's assertions are so utterly lacking in detail that she fails to overcome the presumptions accorded to the evidence that is properly in the record."). In her reply, Ward conceded that, "with continued due diligence," she now "agree[d] with the [g]overnment" that "30 of the 32 issues raised are without merit and in many cases are not accurate law." Dkt. No. 8 at 2.

Yet she maintains that she is entitled to relief on two claims. First, she urges that the Court misapplied the Sentencing Guidelines when it added 16 offense-levels for the loss that she intended, instead of 14 levels for the loss that she actually caused, and when it counted the individuals whose identities she stole as "victims" under U.S.S.G. § 2B1.1. Dkt. No. 8 at 4-5 (arguing that "the only victim in the instant case is Medicaid."). Second, she claims that her attorney was constitutionally ineffective when he failed to so challenge the Court's Guidelines calculations. *See* Dkt. No. 8 at 8.

## Legal Standards and Analysis

Because Ward concedes that she is not entitled to relief on 30 of the grounds raised in her initial Section 2255 motion, the Court need not consider them here. *See United States v. Robles-Pantoja*, 21 F.3d 1109, 1109 n.1 (5th Cir. 1994) (per curiam) (declining to consider two issues that the appellant conceded in his reply brief). The undersigned thus turns to the two claims for which Ward presses for relief.

Ward's first claim – that the Court misapplied the U.S.S.G. when it over-

represented the intended loss and the number of victims – is not cognizable in this Section 2255 proceeding. "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed," and "[m]isapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in [Section] 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citation omitted). So Ward cannot succeed here on her claim that the Court misapplied the Sentencing Guidelines as it calculated her Guidelines sentence. *See, e.g.*, *Fisher v. United States*, No. 4:17-cv-50, 2017 WL 3781855, at *2 (E.D. Tex. July 13, 2017), *rec. adopted* 2017 WL 3725295 (E.D. Tex. Aug. 28, 2017) ("[T]he technical application of the Sentencing Guidelines does not raise an issue of constitutional dimension for purposes of § 2255 proceedings."); *see also Reeves v. United States*, No. 4:17-cv-268-O, Dkt. No. 3 at 3 (N.D. Tex. Dec. 4, 2017) (same).

Even if it that claim was cognizable, it has no merit. Although Ward argues that the Court over-represented the amount of loss and the number of victims, the United States Court of Appeals for the Fifth Circuit has endorsed the procedures that the Court used in its calculations here.

First, the Court correctly relied on the amount of loss that Ward intended – instead of the loss that she actually caused – when it applied the 16-level enhancement for intended loss. To discern that amount, the Court looked to the fraudulent claims for insurance benefits that Ward submitted but that the government never paid. *See United States v. Ward*, No. 3:15-cr-67-D (01) (N.D. Tex.), Dkt. No. 20 at 7, 9 (noting

-4-

that, although Ward was paid only $887,809.64, she submitted claims for $1,639,926.90 and so she was responsible for intending to cause more than a million-dollar loss).

The Fifth Circuit has endorsed that procedure. In *United States v. Collins*, 774 F.3d 256, 265-66 (5th Cir. 2014), the Fifth Circuit held that a district court may correctly rely on "unsuccessful" and "unprosecuted" fraudulent insurance claims as it determines the defendant's relevant conduct under the Sentencing Guidelines. *Id.* And the Court of Appeals in *Collins* rejected the defendant's argument – the same argument that Ward relies on now – that the sentencing court erred when it accounted for fraudulent insurance claims that were submitted but never paid. *See id.*

There is no merit to Ward's first challenge to the Court's Guidelines calculations.

Second, the Court properly counted the children whose identities Ward stole among the victims of her fraudulent scheme. *See United States v. Ward*, No. 3:15-cr-67-D (01) (N.D. Tex.), Dkt. No. 26 at 3 ("There were 573 victims in this case, which includes Medicaid who sustained the actual loss and the 572 individuals whose means of identification was used unlawfully or without authority by the defendant."). The Fifth Circuit has endorsed that procedure, too:

> Defendants argue that the district court erred in concluding the 429 patients or Medicare beneficiaries for whom the conspirators falsely claimed benefits were "victims" under the guidelines. We agree with the government that Application Note 4(E) of U.S.S.G. § 2B1.1 defines "victim" in a way that encompasses the Medicare beneficiaries because it includes "any individual whose means of identification was used unlawfully or without authority." The district court did not err in applying this enhancement.

*United States v. Barson*, 845 F.3d 159, 167 (5th Cir. 2016).

In sum, there is no merit to Ward's claim that the Court miscalculated her Guidelines sentence.

It follows, of course, that Ward is not entitled to relief on her ineffective assistance of counsel claim. The Court reviews claims of ineffective assistance of counsel under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), under which a movant must demonstrate that the performance of her attorney fell below an objective standard of reasonableness, *see id.* at 687-88.

To be cognizable under *Strickland*, counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The movant also must prove that she was prejudiced by her attorney's substandard performance. *See id.* at 687, 692.

Ward complains that her counsel did not object to the way in which the Court calculated the loss amount and the number of victims. But the Court employed the proper method, and thus there was no meritorious objection to make. And Ward cannot succeed on a claim that her counsel failed to pursue a meritless objection.

Thus, the Court should deny Ward's claims that her counsel was ineffective at sentencing.

## Recommendation

The Court should deny this Section 2255 motion with prejudice as meritless.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: April 3, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE